UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| LINDA RODGERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:11-cv-0306-JMS-DML |
| | ) | |
| ELI LILLY & COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM IN SUPPORT OF
<u>PLAINTIFF'S MOTION TO COMPEL DISCOVERY</u>**

Pursuant to Rule 37 of the Federal Rules of Civil Procedure and Local Rule 37-1, Plaintiff Linda Rodgers, by and through undersigned counsel, respectfully moves the Court for an order compelling Defendant Eli Lilly & Company to produce interview notes related to hiring for the Production Technician 3 Position, which occurred in or around January 2007 (Position # 806907), and for the Production Technician 3 Position, which occurred in or around January 2005 (Position # 777200).

Beginning November 1999, Plaintiff was employed by Defendant, until her retirement in early 2011. She was originally hired as a machine operator in Parenteral Packaging. Plaintiff's Complaint [Dkt. No. 1] alleges that Defendant unlawfully discriminated against her on the basis of her race by denying her the same pay, promotion opportunities, job titles, and duties as similarly situated Caucasian employees, in violation of 42 U.S.C. § 1981.

Federal Rule of Civil Procedure 26 permits discovery into "any matter, not privileged, that is relevant to the claim or defense of any party." *Tomanovich v. Glen*, Cause No. IP 01-1247 C Y/K, 2002 U.S. Dist. LEXIS 14885, at *3 (S.D. Ind. Aug. 13, 2002) (quoting Fed. R. Civ. P.

26(b)(1)) (additional citation omitted).  Discoverable materials are not limited to that which would be admissible at trial, but must "at least appear reasonably calculated to lead to the discovery of admissible evidence." *Id.* (citation omitted).  If a party fails to respond to discovery sought pursuant to the rules, the discovering party may move for an order to compel.  Fed. R. Civ. P. 37(a)(3)(B).  "The burden is on the party resisting discovery to clarify and explain precisely why its objections are proper given the broad and liberal construction of the federal discovery rules." *Tomanovich*, 2002 U.S. Dist. LEXIS 14885, at *4.

On October 13, 2011, Plaintiff served her First Set of Interrogatories and First Set of Requests for Documents, Electronically Stored Information and Things.  Two requests are relevant to this motion.

Interrogatory No. 8 provides:

For each position within Lilly for which Plaintiff applied since April 2002, identify (a) the title of the position, (b) everyone who participated in the selection process and their respective roles, (c) who obtained the position, (d) the selectee's race or ethnic background, (e) the selectee's relevant qualifications and years of experience, and (f) *all documentation of the reasons for the selection*.

Ex. A (emphasis added).

Request for Production No. 8 asked Defendant to provide all documents identified and/or relied upon in preparing a response to Plaintiff's Interrogatory No. 8.

On January 11, 2012, Defendant served its responses to Plaintiff's discovery requests. Defendant objected to each of these discovery requests on several grounds.[1]

Through a series of meet and confer efforts, Plaintiff substantially narrowed her requests.

---

[1] Plaintiff Linda Rodger's First Set of Interrogatories to Defendant Eli Lilly & Company and Plaintiff Linda Rodgers's First Set of Requests to Defendant Eli Lilly & Company for Production of Documents, Electronically Stored Information and Things are attached as Exhibit A and Exhibit A-1, respectively.  Defendant's Answer to Plaintiff Linda Rodgers' First Set of Interrogatories to Defendant Eli Lilly and Company and Defendant's Response to Plaintiff Linda Rodger's First Set of Requests to Defendant Eli Lilly and Company for Production of Documents, Electronically Stored Information and Things are attached as Exhibit B and Exhibit B-1, respectively.

Specifically, on or before February 1, 2012, Plaintiff agreed to seek documents related to fourteen positions. *See* Ex. D, February 1, 2012 Correspondence between Plaintiff's and Defendant's Counsel regarding job positions for which Plaintiff seeks discovery.

During the deposition of Duane Weddle on May 23, 2012, Plaintiff learned that, pursuant to Eli Lilly policy, Mr. Weddle took interview notes when hiring for a Production Technician 3 position in 2007. Mr. Weddle could not fully answer Counsel's questions regarding his selection process without consulting those notes. *See* Ex. C, Weddle Dep. Tr. 106:19–107:1. Plaintiff's Counsel noted on the record that Defendant had not produced these interview notes, *id.*, and on May 24, 2012, again requested all interview notes pertaining to the fourteen specified positions for which Ms. Rodgers applied, *see* Ex. E, May 24, 2012 Correspondence from Plaintiff's Counsel requesting production of outstanding discovery. On June 1, 2012, Plaintiff again narrowed her request and sought interview notes for only seven positions. *See* Ex. F, June 1, 2012 Correspondence from Plaintiff's Counsel narrowing scope of outstanding discovery. On June 25, 2012, Defendant informed Plaintiff that "[a]fter a reasonable search of its records, Lilly ha[d] not located responsive documents" for four of the seven positions. *See* Ex. G, June 25, 2012 Correspondence from Defendant's Counsel to Plaintiff, stating Defendant could not produce responsive document.

Plaintiff further narrows her request and seeks interview notes related to only two positions for which Ms. Rodgers applied: the Production Technician 3 Position, the interviews for which were conducted in or around January 2007 (Position # 806907), and the Production Technician 3 Position, the interviews for which were conducted in or around January 2005 (Position # 777200). Defendant objects to the production of these notes because Defendant has conducted a search of its records and has been unable to locate them. *See* Ex. K, July 3, 2012

Correspondence from Defendant's Counsel regarding Defendant's objection to the production of interview notes for Positions # 806907 and # 777200.

Plaintiff asserts Defendant was obligated to maintain interview notes for these positions. The interviews for Position # 806907 were conducted in or around January 2007. *See* Ex. H, Position # 806907 – Production Technician 3 (Jan. 2007); LLY-RODGERS000490 – LLY-RODGERS000491. The interviews for Position # 777200 were conducted in or around January 2005. *See* Ex. I, Position # 777200 – Production Technician 3 (Jan 2005); LLY-RODGERS000493 – LLY-RODGERS000494. Lilly Policy provides that "[h]iring managers should retain all documentation regarding a staffing decision . . . for a period of three years." Ex. J, Targeted Selection Guide; LILLYWELCH00063556. There is no evidence that Defendant failed to follow its own policy, indicating that Defendant maintained interview notes for Position # 806907 until at least **January 2010** and for Position # 777200 until at least **January 2008**.

Linda Rodgers was added as a named plaintiff in the *Welch* class action on **October 31, 2007**, wherein she alleged claims of unequal promotion practices, among other claims. *See* Dkt. 50 at ¶49. Thus, as of October 31, 2007, Defendant was obligated to preserve documents related to Plaintiff's promotion claims, including interview notes for Position # 806907, which could not be destroyed until around January 2010, and interview notes for Position # 777200, which could not be destroyed until around January 2008. Defendant has provided no explanation for its inability to locate interview notes for these positions, suggesting that the documents were destroyed during the pendency of ongoing litigation and raising an inference that the interview notes for these positions were unfavorable to Defendant.

In light of Defendant's statement that it is unable to locate interview notes for Positions # 806907 and # 777200, Plaintiff is engaged in discovery to determine whether Defendant

destroyed the notes in bad faith and whether a motion for an adverse inference or other sanctions are appropriate.

  Plaintiff files this Motion to Compel in anticipation of a possible motion for sanctions or for an adverse inference, as Plaintiff's failure to file a motion to compel may result in the Court dismissing a later-filed motion as untimely. *See, e.g.*, *Walker v. County of Cook*, No. 05 C 5634, 2009 U.S. Dist. LEXIS 1636, at *17 (N.D. Ill. Jan. 9, 2009) (denying a motion for an adverse inference because the plaintiff did not file a motion to compel discovery); *Lapinee Trade, Inc. v. Boon Rawd Brewery Co.*, No. 88 C 589, 1993 U.S. Dist. LEXIS 13989, at *34 (N.D. Ill. Sept. 30, 1993) ("This court does not believe that a motion for adverse inference is an appropriate substitute for timely motions to compel."). While Plaintiff recognizes that, as this Court has noted, a defendant "cannot produce what it doesn't have," *Sofaer Global Hedge Fund v. Brightpoint, Inc.*, Case No. 1:09-CV-01191-TWP-DML, 2010 U.S. Dist. LEXIS 120787, at *15 (Nov. 12, 2010), Plaintiff files this Motion out of an abundance of caution to preserve her ability to file a motion for an adverse inference should discovery indicate one is warranted.

  In a good faith effort to resolve their discovery dispute, and pursuant to Local Rule 37-1, on July 3, 2012, the parties met and conferred. Additionally, pursuant to Local Rule 37-1(a), Plaintiff notified this Court of her intention to file a motion to compel on July 5, 2012, and the Court agreed that a telephonic discovery conference was not necessary.

  For the foregoing reasons, the Court should order Defendant to produce the documentation Plaintiff has requested related to the job positions to which Plaintiff applied, and for which Defendant was required to maintain during the course of this litigation: Production Technician 3 Position, the interviews for which were conducted in or around January 2007

(Position # 806907), and for the Production Technician 3 Position, the interviews for which were conducted in or around January 2005 (Position # 777200).

DATE: July 17, 2012　　　　　　　　　　　　　Respectfully submitted,


　　　　　　　　　　　　　　　　　　　　　　　s/Kate Mueting
　　　　　　　　　　　　　　　　　　　　　　　Kate Mueting
　　　　　　　　　　　　　　　　　　　　　　　Matthew L. Schmid
　　　　　　　　　　　　　　　　　　　　　　　**SANFORD WITTELS & HEISLER, LLP**
　　　　　　　　　　　　　　　　　　　　　　　1666 Connecticut Avenue, N.W., Suite 300
　　　　　　　　　　　　　　　　　　　　　　　Washington, D.C. 20009
　　　　　　　　　　　　　　　　　　　　　　　Telephone: (202) 499-5206
　　　　　　　　　　　　　　　　　　　　　　　Facsimile:  (202) 499-5199
　　　　　　　　　　　　　　　　　　　　　　　kmueting@swhlegal.com
　　　　　　　　　　　　　　　　　　　　　　　mschmid@swhlegal.com

　　　　　　　　　　　　　　　　　　　　　　　***Counsel for Plaintiff***

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that a copy of the foregoing was served on this 17th day of July 2012 upon the following counsel of record via notice of electronic filing:

>Ellen E. Boshkoff
>Rozlyn Fulgoni-Britton
>**FAEGRE BAKER DANIELS, LLP**
>300 N. Meridian Street
>Suite 2700
>Indianapolis, IN 46204
>Telephone: (317) 237-0300
>Facsimile: (317) 237-1000
>Ellen.Boshkoff@FaegreBD.com
>Rozlyn.Fulgoni-Britton@FaegreBD.com

                                                s/ Kate Mueting
                                                Kate Mueting